IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:23-CR-88-KAC-DCP |
| DEONTE D. ADAMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Deonte Adams's Motion to Continue Trial and Related Dates [Doc. 18], filed on September 11, 2023. Defendant asks to continue the September 11, 2023 plea deadline, the October 10, 2023 trial date, and other pretrial deadlines because counsel needs additional time to review discovery, which contains recordings and cellphone evidence; to meet with Defendant; and to prepare the case for trial. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of February 6, 2024.

The Court finds Defendant's motion to continue the trial and pretrial deadlines is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to review discovery, confer with Defendant on factual and legal issues in the case, engage in plea negotiations, and, if an agreed resolution is not reached, to

prepare for trial. These trial preparations cannot be concluded by the October 10 trial date or in less than five months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's motion to continue the trial and pretrial deadlines [**Doc. 18**] is **GRANTED**., and the trial is reset to **February 6, 2023**. The Court finds that all the time between the filing of the motion on September 11, 2023, and the new trial date of February 6, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and Related Dates [**Doc. 18**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 6, 2024**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **September 11, 2023**, and the new trial date of **February 6, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **September 28, 2023**. Responses to motions are due on or before **October 12, 2023**;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 8, 2024**;

(6) The deadline for filing motions *in limine* is **January 22, 2024**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **January 18, 2024, at 10:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 26, 2024**.

    **IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge