IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:23-CR-88-KAC-DCP |
| DEONTE D. ADAMS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Deonte Adams's Motion to Continue Trial and Related Dates [Doc. 20], filed on January 8, 2024.

Defendant asks to continue the January 8, 2024 plea deadline, the February 6, 2024 trial date, and other pretrial deadlines. In support of his motion, Defendant maintains that defense counsel needs additional time to review discovery with him, including the results of lab reports that are "central to the case" which have not yet been generated [Doc. 20 p. 1]. Defendant further states in his motion that granting a continuance "will permit the parties the opportunity to explore making a full resolution of the case against the defendant" and "will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the defendant in a speedy trial" [*Id.*]. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance.

Based upon the information provided by Defendant Adams in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Adams needs additional time to review discovery with him, to engage in negotiations toward a potential resolution of this matter, and to otherwise prepare this matter for trial if those negotiations prove unfruitful. The Court finds that all of this cannot occur before the February 6, 2024 trial date.

The Court therefore **GRANTS** Defendant Deonte Adams's Motion to Continue Trial and Related Dates [**Doc. 20**]. The trial of this case is reset to **May 7, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on January 8, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Deonte Adams's Motion to Continue Trial and Related Dates [**Doc. 20**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 7, 2024**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **January 8, 2024**, and the new trial date of **May 7, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 5, 2024**;

(5) The deadline for filing motions *in limine* is **April 22, 2024**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **April 23, 2024, at 10:30 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 26, 2024**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge